IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY GULLETT, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION NO. 11-00082-KD-M |
| ROGER GOODMAN, et al, | : | |
| Defendants. | : | |

## ORDER

This action is before the Court on plaintiff Timothy Gullett's motion for reconsideration (doc. 37). Upon consideration, and for the reasons set forth herein, the order and judgment entered April 16, 2012 are vacated, the request for reconsideration is construed as an objection, and after due and proper consideration of all portions of this file deemed relevant to the issue raised, and *de novo* review to that portion of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this Court.

Accordingly, it is ORDERED that plaintiff Timothy Gullett's claims against defendants Warden Roger Goodman, Sergeant David Brown, Officer Richard Waugh, Officer King, and Officer Barlow are dismissed with prejudice.

Previously, on March 12, 2012, this Court vacated an order and judgment adopting a Report and Recommendation to dismiss this action, mailed a copy of the Report and Recommendation to plaintiff Timothy Gullett, and reinstated an objection period which ended April 2, 2012 (doc. 31). No objection was docketed and on April 16, 2012, the Court adopted the Report and Recommendation and entered judgment in favor of the defendants (docs. 33, 34).

However, on April 17, 2012, the instant motion for reconsideration was docketed (doc.

37).  In the motion, Gullett states that he received the Report and Recommendation, asks the Court to reconsider the decision on the motion for summary judgment, and sets forth the reasons why the Court should do so.  The motion is dated March 15, 2012, and the envelope contains a postmark of March 20, 2012 (doc. 37-1, p. 3).  Thus, this motion for reconsideration is actually a timely[1] filed objection to the Report and Recommendation since it was delivered to the prison officials for mailing before March 20, 2012 and hence before the end of the objection period on April 2, 2012.[2]  Therefore, the Court will address Gullett's objections.

In the Report and Recommendation, the Magistrate Judge recommends dismissal with prejudice on basis that the defendants did not act with deliberate indifference to Gullett's safety when they placed him in Cell Block 301 because there was no notice of imminent danger.  In the objection, Gullett explains that 3-West is part of Cell Block 301.  He states that "after the first assault in Cell Block 301" defendants moved him "to a different location which was called 3-West" (doc. 37-1, p. 1).  Gullett states that he asked "the Officer to do not put [him] in 3-West because" he did not "get along with the inmates in 3-West." (doc. 37-1, p. 1-2).  Gullett does not state that he warned the defendants <u>before</u> his initial placement in Cell Block 301.  Therefore, his objection is without merit.

In this action, only the initial assault which occurred in Cell Block 301 was addressed.

---

[1] Under the "mailbox rule," a pro se inmate's documents are deemed filed on the date of delivery to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 271-72, 108 S.Ct. 2379 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir.1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993); *Ex parte Allen*, 825 So.2d 271, 272 (Ala.2002) (applying same to a Rule 32 petition).

[2] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1159-1160 (11th Cir. 2003) *quoting Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) (*per curiam*).

Gullett's action as to the second assault in 3-West remains pending.  *Gullett v. Waugh, et al*, Civil Action No. 1:11-00095-CB-C.  Also, Gullett's action alleging that he received improper medical assistance and did not receive sufficient physical therapy to rehabilitate his hand remains pending before this Court.  *Gullett v. Goodman*, Civil Action No. 2:11-00081-KD-N.

The Clerk is directed to mail a copy of this order and judgment to Gullett at his most recent address - Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama 35023.

**DONE** this 5th day of June, 2012.

<u>s/Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
